IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| IRINA GILLESPIE,<br><br>                    Plaintiff,<br><br>v.<br><br>MUTUAL OF ENUMCLAW INSURANCE COMPANY; and DOES 1-10, inclusive,<br><br>                    Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:23-cv-108 HCN<br><br>District Judge Howard C. Nielson, Jr.<br><br>Chief Magistrate Judge Dustin B. Pead |

This matter is before the court on Defendant Mutual of Enumclaw Insurance Company's (Enumclaw) Motion to Strike. (ECF No. 4.) Enumclaw seeks to strike portions of Plaintiff's Complaint under Federal Rule 12(f).[1] For the reasons set forth herein the court grants in part the motion.

## BACKGROUND[2]

In August 2021, Plaintiff Irina Gillespie, was injured in an automobile accident when Chloe Robinson ran a red light. Gillespie suffered personal injuries from the accident. Her alleged injuries include headaches, nausea, shoulder and knee pain, fatigue, stress, and physical limitations. Gillespie's medical providers recommend that she undergo a right knee arthroscopy with partial lateral meniscectomy and chondroplasty due to the injuries she suffered in her right knee. The recommended surgical procedure will likely cost more than $40,000.

---

[1] This motion is referred to the undersigned in accordance with 28 U.S.C. § 636(b)(1)(A) from Judge Howard C. Nielson, Jr. (ECF No. 9.)

[2] The facts are taken from Plaintiff's Complaint.

Gillespie settled with Ms. Robinson and her insurance in June 2022 for $25,000. Gillespie then sought coverage for her medical bills and other damages from Enumclaw per her automobile insurance policy that contains underinsured and personal injury coverage. Enumclaw allegedly made an offer that was "substantially below the injuries and loss suffered by Gillespie" and failed to adequately investigate Gillespie's injuries. Complaint ¶ 51-56. As a result, Gillespie filed the current matter alleging claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and intentional infliction of emotional distress. The current dispute centers on striking portions of Plaintiff's Complaint.

## LEGAL STANDARDS

Federal Rule of Civil Procedure 12(f) provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). This action may be taken by the court on its own or upon a motion made by a party "either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." *Id.*

Motions to strike are generally disfavored and considered a drastic remedy. *See Tiscareno v. Frasier*, No. 2:07-CV-336, 2012 WL 1377886, at *13 (D. Utah Apr. 19, 2012) citing *Stanbury Law Firm v. IRS*, 221 F.3d 1059, 1063 (8th Cir.2000) ("[S]triking a party's pleadings is an extreme measure, and, as a result, we have previously held that motions to strike under Fed.R.Civ.P. 12(f) are viewed with disfavor and are infrequently granted."). "Generally, motions to strike are not granted unless the questionable material is prejudicial to the moving party." *Id.* citing *Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 821 (7th Cir.2001) ("We ... take this opportunity to advise ... against moving to strike extraneous matter unless its presence in the [pleading] is actually prejudicial...."). The Tenth Circuit has warned that courts should "proceed

with extreme caution in striking a pleading." *Colo. Milling & Elevator Co. v. Howbert,* 57 F.2d 769, 771 (10th Cir. 1932). Yet, it is within the court's discretion to grant a motion to strike. *See Scherer v. United States Dep't of Educ.*, 78 F. App'x 687, 689 (10th Cir. 2003).

"'A matter is 'immaterial' to a pleading, as basis for striking the matter, if it has no essential or important relationship to the claim for relief or the defenses being pleaded.'" *R.M. v. Scottsdale Ins. Co.*, No. 2:20-CV-00064-DB, 2020 WL 2801514, at *2 (D. Utah May 29, 2020) (quoting *Rees v. PNC Bank, N.A.*, 308 F.R.D. 266 (N.D. Cal. 2015). "The district court possesses considerable discretion in disposing of a Rule 12(f) motion to strike redundant, impertinent, immaterial, or scandalous matter." § 1382 Motion to Strike—Redundant, Immaterial, Impertinent, or Scandalous Matter, 5C Fed. Prac. & Proc. Civ. § 1382 (3d ed.).

## DISCUSSION

Enumclaw moves to strike paragraphs 6-12 in the complaint. They read as follows:

*The Insurance Industry*

6. The insurance industry is a big business. In fact, the U.S. insurance industry routinely collects over $1 trillion in premiums annually.

7. The U.S. insurance industry has assets worth more than the GDPs of most countries in the world.

8. Insurance companies profit by retaining premiums and not paying on claims. Accordingly, insurance companies deny, delay, defend—do anything, in fact, to avoid paying claims.

*Mutual of Enumclaw Insurance Company*

9. For its part, Enumclaw is a large and profitable company.

10. In 2021 Enumclaw wrote $474.5 Million in policies.

11. In 2021 Enumclaw grew equity or retained earnings by 8.4% ending at $427.9 Million. Total assets grew by 7% to $911.7 Million.

12. Enumclaw's net income for 2021 topped $19.4 Million.

Complaint ¶¶ 6-12 (citations omitted).

      Enumclaw argues paragraphs 6-8 of the Complaint center on allegations against the insurance industry and are unrelated to this breach of contract case. Those paragraphs will "inflame the passion and prejudice of the jury by focusing, not on the accident and [Plaintiff's] injuries, but the size and profitability of Enumclaw." (ECF No. 11 p. 3.) Paragraphs 9-12 focus on the size and profitability of Enumclaw and are immaterial. They are also "highly prejudicial" as a jury will be tempted to ignore the facts of the case and simply award money based on Enumclaw's size.

      In contrast, Gillespie argues the contested paragraphs are not scandalous or prejudicial. Rather, they are material. Paragraphs 6 and 7 describe the income earned by the insurance industry and address the motive and pattern of insurance companies, including Defendant, in "denying, delaying, and defending" claims brought by insured. (ECF No. 10 p. 5.) Paragraph 8, according to Plaintiff, is a summary of the exact activity that comprises her claim against Defendant. And Paragraphs 9 through 12 relate directly to Enumclaw. Gillespie argues they show how profitable Enumclaw has been and how it is growing. In addition, Plaintiff has requested punitive damages, and these paragraphs go to Defendant's ability to pay punitive damages, and refute any potential argument from Enumclaw that it lacks resources to thoroughly investigate a claim. In sum, the challenged paragraphs are "material and necessary to meet required elements." (ECF No. 10 p. 7.)

      The court's function here is to parse what paragraphs at issue here are pertinent or material to the claims in the case and what paragraphs are "redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A matter is immaterial for striking it, if it has no essential or important relationship to the claim for relief or defenses being pleaded. *See R.M.,*

4

2020 WL 2801514, at *2. The court finds paragraphs 6-8 that focus on the insurance industry and allegations about its practices and procedures, immaterial to the claims and defenses in this matter. In addition, the court finds these paragraphs prejudicial because they confuse the issues, placing the focus on the insurance industry instead of the particular facts of this case. Paragraph 8, in particular, is also scandalous, as it degrades the moral character of Defendant and the entire insurance industry. As such, the court grants the motion to strike paragraphs 6-8.

Paragraphs 9-12, however, do not in the court's view, fit within one of the categories to strike under Rule 12(f). Instead, they relate to Plaintiff's punitive damages claim and when taken in context without paragraphs 6-8, which the court strikes, they are not inflammatory or prejudicial as argued by Enumclaw. Accordingly, the motion is denied as to these paragraphs.

## ORDER

For the reasons stated herein, Defendant's Motion to Strike is GRANTED IN PART and DENIED IN PART. Paragraphs 6-8 are stricken. Paragraphs 9-12 remain.

IT IS SO ORDERED.

DATED this 28 March 2023.

_____
Dustin B. Pead
United States Magistrate Judge